# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ELLIS J. SPATES,

                    Petitioner,

v.                                                      Case No. 26-CV-496-JPS

TROY SMITH,

                                                        **ORDER**

                    Respondent.[1]

On March 26, 2026, Petitioner Ellis J. Spates ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner also filed a motion for leave to proceed without prepayment of the filing fee. ECF No. 2. The Court now resolves the motion to proceed without prepayment of the filing fee and screens the petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

## 1.      LEAVE TO PROCEED WITHOUT PREPAYMENT

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file a petition for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the Court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled

---

[1]The Court has substituted Troy Smith as the proper Respondent as the current Warden of Dodge Correctional Institution. *See* Fed. R. Civ. P. 25(d); *see also* Rule 2(a), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody.").

to redress." Petitioner submitted a trust fund account statement along with his motion. ECF No. 3.

Upon review of Petitioner's prison trust account statement, the Court finds that he is unable to pay the $5.00 filing fee based on his lack of funds. The Court will accordingly grant the motion to proceed without prepayment of the filing fee.

## 2. FACTUAL BACKGROUND

Petitioner seeks federal habeas relief on a judgment of conviction in Waukesha County Circuit Court Case No. 2023CF001947. ECF No. 1 at 2. Petitioner indicates that his conviction was entered on February 15, 2024, and that the Wisconsin Court of Appeals affirmed the judgment on January 14, 2026. *Id.* at 2–5. The Court will not elaborate further on the factual background, however, because Petitioner has failed to exhaust his administrative remedies and this case must therefore be dismissed without prejudice.

## 3. ANALYSIS

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

A district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972). The exhaustion requirement applies to revocation proceedings. *See Schroeder v. Pollard*, 361 F. Supp. 3d 800, 805 (E.D. Wis. 2019) (applying habeas exhaustion requirement to Wisconsin revocation proceeding).

Here, Petitioner indicates that he filed a petition for review in the Wisconsin Supreme Court on January 14, 2026. Petitioner indicates that a "motion for reconsideration" was denied on January 29, 2026. ECF No. 1 at 3. However, public records do not support Petitioner's contention that the Wisconsin Supreme Court has denied his petition for review.[2] The state's highest court has therefore not had a full and fair opportunity to pass upon

---

[2]*See* Wisconsin Court System Supreme Court and Court of Appeals Access, *State v. Ellis J. Spates*, Case No. 2025AP001805, https://wscca.wicourts.gov/case/2025AP001805 (last visited May 22, 2026).

the merits of Petitioner's claims. Thus, the Court finds that Petitioner has not sufficiently exhausted his state remedies and will therefore dismiss the petition without prejudice. *See Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013) (noting that ordinarily an exhaustion dismissal is without prejudice so that the petitioner may return to state court in order to litigate the claim).

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner exhausted his state remedies. As a consequence, the Court is compelled to deny a certificate of appealability as to the petition.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust state remedies; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2026.

BY THE COURT

J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.